IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HARNDEN,

      Plaintiff,                           CV F 05 1274 AWI WMW  P

  vs.                                      ORDER

A. SCRIBNER, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant Correctional officials employed by the Department of Corrections at Corcoran State Prison.  Plaintiff claims that he is subjected to unconstitutional conditions of confinement, and that he has been denied adequate medical care.

      On January 21, 2000, an order was entered in the United States District Court for the Northern District of California, finding plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).   Specifically, the court found that plaintiff had, on at least three prior occasions, actions dismissed for failure to state a claim upon which relief could be granted, or as frivolous.  <u>Harnden v. Ayers</u>, C 99-2138; <u>Harnden v. Arcata</u>, C 97-4210 CW; <u>Harnden v. Del Norte County Sheriff's Dept.</u>, C 96-4086 CW.

      In this action, plaintiff alleges that, due to defective plumbing in his cell, he chose to drink toilet water, which caused him to be ill.  Plaintiff sets forth vague, rambling allegations

of problems with the prison grievance process and vague claims of retaliation. Plaintiff also levels vague allegations of inadequate medical and mental health care. Plaintiff does not set forth factual allegations that suggest imminent physical injury. The statute is clear: "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g). Plaintiff has not alleged any facts to suggest that he is under imminent danger of serious physical injury. Therefore, plaintiff may not proceed in forma pauperis for any purposes and must submit the appropriate filing fee in order to proceed with this action.

Plaintiff is therefore directed to submit the $250 filing fee for a civil action. Should plaintiff fail to do so, the court will recommend that, pursuant to Local Rule 11-110, this action be dismissed without prejudice for plaintiff's failure to obey a court order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is denied.

2. Plaintiff is directed to submit to the court, within thirty days of the date of service of this order, the $250 filing fee in full. Plaintiff's failure to do so will result in a recommendation of dismissal.

IT IS SO ORDERED.

**Dated:   April 24, 2006**              **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE