1

2                    IN THE UNITED STATES DISTRICT COURT

3                 FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    JEFF HARNDEN,

7              Plaintiff,                    CV F 05 1274 LJO WMW P

8         vs.                                ORDER TO SHOW CAUSE

9

10   A. SCRIBNER, et al.,

11            Defendants.

12

13

14            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15   U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

16   U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28

17   U.S.C. § 1915(a).

18            Plaintiff, an inmate in the custody of the California Department of Corrections

19   and Rehabilitation (CDCR) at Corcoran State Prison, brings this civil rights action against

20   correctional officials employed by CDCR at Corcoran.

21            This action proceeds on the December 22, 2006, first amended complaint filed in

22   response to an earlier order recommending that Plaintiff be denied leave to proceed in forma

23   pauperis pursuant to 28 U.S.C. § 1915(g).   On January 21, 2000, an order was entered in the

24   United States District Court for the Northern District of California, finding Plaintiff ineligible to

25   proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Specifically, the court found that

26

1   Plaintiff had, on at least three prior occasions, actions dismissed for failure to state a claim upon

2   which relief could be granted, or as frivolous. Harnden v. Ayers, C 99-2138; Harnden v. Arcata,

3   C 97-4210 CW; Harnden v. Del Norte County Sheriff's Dept., C 96-4086 CW.   Plaintiff is

4   therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in

5   imminent danger of serious injury.

6          The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a

7   civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated

8   or detained in a facility, brought an action or appeal in a court of the United States that was

9   dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief

10  may be granted, unless the prisoner is under imminent danger of serious injury."

11         In the December 22, 2006 first amended complaint, Plaintiff concludes that he is in

12  imminent danger, but does not allege any specific facts that satisfy the section 1915(g)

13  requirement.  Plaintiff's first amended complaint consists of a rambling narrative, with references

14  to homosexual behavior, and the response of prison guards to Plaintiff's correspondence with

15  certain individuals.  Plaintiff contends that correctional staff has threatened to give him AIDS

16  and hepatitis.   Plaintiff also makes references to conditions in his cell, but fails to specifically

17  allege facts that would state a claim for relief.  In short, Plaintiff's allegations are vague,

18  conclusory and fanciful.

19         Accordingly, IT IS HEREBY ORDERED that Plaintiff is directed to show cause,

20  within thirty days of the date of service of this order, why he should not be denied leave to

21  proceed in forma pauperis and be directed to submit the filing fee in full.

22

23  IT IS SO ORDERED.

24  **Dated:    December 7, 2007**              **/s/  William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE

25

26

                                         2