IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF HARNDEN,

      Plaintiff,                           CV F 05 1274 AWI WMW  P

  vs.                                 FINDINGS AND RECOMMENDATION

A. SCRIBNER, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against defendant Correctional officials employed by the Department of Corrections at Corcoran State Prison. Plaintiff claims that he is subjected to unconstitutional conditions of confinement, and that he has been denied adequate medical care.

      On January 21, 2000, an order was entered in the United States District Court for the Northern District of California, finding plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  Specifically, the court found that plaintiff had, on at least three prior occasions, actions dismissed for failure to state a claim upon which relief could be granted, or as frivolous.  Harnden v. Ayers, C 99-2138; Harnden v. Arcata, C 97-4210 CW; Harnden v. Del Norte County Sheriff's Dept., C 96-4086 CW.

      In this action, plaintiff alleges that, due to defective plumbing in his cell, he chose to drink toilet water, which caused him to be ill.  Plaintiff sets forth vague, rambling allegations

1

of problems with the prison grievance process and vague claims of retaliation.  Plaintiff also levels vague allegations of inadequate medical and mental health care.  Plaintiff does not set forth factual allegations that suggest imminent physical injury.  The statute is clear: "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. § 1915(g).   Plaintiff has not alleged any facts to suggest that he is under imminent danger of serious physical injury.  Therefore, plaintiff may not proceed in forma pauperis for any purposes and must submit the appropriate filing fee in order to proceed with this action.

On December 7, 2007, an order to show cause was entered, directing Plaintiff to show cause why he should not be denied leave to proceed in forma pauperis.  On January 7, 2008, Plaintiff filed a response to the order to show cause.

In his response, Plaintiff re-asserts allegations in the original complaint, and sets forth vague, rambling allegations regarding the conduct of prison officials at CSP Corcoran and Pelican Bay State Prison.  Plaintiff's allegations appear to relate to issues with his mail.  Plaintiff refers to conduct that occurred as far back as 1997.  Plaintiff also states, in conclusory terms, that the cases referred to above, and the finding entered by the U.S. District Court for the Northern District of California, is incorrect.   Plaintiff has not shown good cause why he should not be denied leave to proceed in forma pauperis.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied.

2. Plaintiff be directed to submit to the court, within thirty days of the date of service of this order, the $250 filing fee in full.  Plaintiff's failure to do so will result in a

dismissal of this action pursuant to Local Rule 11-110.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 19, 2008**          /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE